**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| FISSEHA GEZU, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | **3-20CV1476-G** |
| § | |
| CHARTER COMMUNICATIONS, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Fisseha Gezu is an individual who resides in Dallas County, Texas.

2. Defendant Charter Communications is a Delaware corporation with its principal place of business in St. Louis, Missouri. Defendant may be served through serving its Garland's place of business at 934 East Centerville Road, Garland, TX 75041 or its registered agent for service of process in Texas, Corporation Service Company d/b/a CSC – Lawyers Inco at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. This Court has jurisdiction to hear the merits of the claims under 28 U.S.C. § 1331.

5. Venue is proper in the district and division under 28 U.S.C. § 1391(b).

## I. FACTUAL BACKGROUND

6. I first began working for Time Warner Cable now named Charter Communications ("Charter" or "Company") on or about December 7, 2007.

7. For the duration of my employment, I always gave my best efforts to the company and its customers.

8. I had every intention of being able to work for Charter through the time of my retirement.

9. Unfortunately, Charter and its employees harbored a discriminatory environment.

10. Charter treated me differently than similarly situated employees based on my race and national origin.

11. I was referred to as an immigrant in meetings and was often subjected to defamatory and derogatory bullying, stereotyping, belittling, name calling, racist noises, gestures and insults with anti-immigrant sentiments.

12. Moreover, I was denied promotions due to my race and national origin.

13. However, employees who had significantly less experience, less education and seniority were promoted over me.

14. On or about March 1, 2018, I made a complaint to my supervisor, Jason Ashcraft, and other employees regarding the stereotyping, belittling, name calling, racist noises, gestures and insults.

15. However, Charter failed to investigate and to take prompt remedial action.

16. On or about April 17, 2018, at the beginning of a safety presentation, I made a public complaint concerning the discrimination and harassment I was experiencing in the workplace.

17. Several managers, including Human Resources, were present for my presentation and became well aware of both my concerns and complaint.

18. Instead of investigating and taking prompt remedial action, my manager, Rip Bollman, confronted me concerning my safety presentation.

19. Unfortunately, Charter continued to discriminate and harass me through mocking and inappropriate comments.

20. For instance, at the Company's Christmas Party on December 19, 2018, Ricardo Valierra stated, "I'm going to give you a shitty one" as I was in line to get food.

21. Many employees overheard Mr. Valierra's unacceptable comment.

22. This was one of many examples of how I was treated differently than other employees.

23. Another example is when I was given a final warning for conduct for which no other employee was reprimanded.

24. A few days later, I sent an email to Human Resources Vickie Legros to report discrimination and requested that my final warning be reconsidered.

25. On or about March 3, 2019, I asked Mr. Ashcraft if he had written up any other technicians for meter usage. Mr. Ashcraft responded, "You are the only person who have gotten written up for meter usage."

26. On or about March 10, 2019, Curtis Byran informed me to complete a job using no problem found code. The reason why Mr. Bryan wanted the job complete it with no-problem found code is because it was affecting his team's metrics.

27. About a week later, Mr. Ashcraft messaged me to cancel another job. The reason for the cancellation request is because Supervisor Rusty Mercier did not want his team's metrics affected.

28. Cancelling jobs affect my performance ratings and reflects low productivity because I do not get the production points needed to be more productive.

29. I was terminated for a pretextual reason on or about May 8, 2019.

30. The stated reason for my termination was marking down jobs as complete with no-problem found code when it should have been completed with a fix code.

31. However, I did exactly what a supervisor (Curtis Bryan) had told me to do when instructing me how to complete the jobs.

32. Additionally, other similarly situated employees have done the same thing but were not terminated.

33. The real reason for my termination is race and national origin discrimination and retaliation.

34. I filed an EEOC charge on or about July 18, 2019.

35. I received a Notice of Right to Sue from the EEOC on 3-11-2020.

36. I have exhausted all administrative remedies prior to filing suit.

## II. CAUSES OF ACTION

### A. Race Discrimination in Violation of Title VII and Section 1981.

37. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

38. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race in violation of 42 U.S.C. §2000e-2(a) and 42 U.S.C. § 1981. The employment practices complained of above were intentional.

39. Plaintiff has satisfied all jurisdictional prerequisites in connection with my claims under Title VII and § 1981.

40. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to lost wages and other benefits associated with his employment.

41. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

42. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally protected rights. Plaintiff therefore seeks punitive damages under 42 U.S.C. §§ 1981 and 1981a.

43. Additionally, Plaintiff seeks any and all equitable relief necessary.

44. Defendant's actions referenced above have caused Plaintiff to retain the services of the counsel in order to pursue my federal rights in this process. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

**B. National Origin Discrimination in Violation of Title VII and Section 1981.**

45. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

46. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's national origin in violation of 42 U.S.C. §2000e-2(a) and 42 U.S.C. § 1981. The employment practices complained of above were intentional.

47. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under Title VII and § 1981.

48. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to lost wages and other benefits associated with his employment.

49. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

50. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally protected rights. Plaintiff therefore seeks punitive damages under 42 U.S.C. §§ 1981 and 1981a.

51. Additionally, Plaintiff seeks any and all equitable relief necessary.

52. Defendant's actions referenced above have caused Plaintiff to retain the services of the counsel in order to pursue my federal rights in this process. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

### C. Retaliation in Violation of Title VII and Section 1981.

53. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

54. Plaintiff engaged in protected activity when he complained of race discrimination and hostile work environment.

55. Defendant's actions, terminating Plaintiff, were undertaken because of Plaintiff's complaints of discrimination.

56. Defendant's actions were intentional and done with malice or reckless disregard.

57. Because of these actions, Plaintiff suffered damages within the jurisdictional limits of this court.

## III. JURY DEMAND

58. I hereby make a demand for a trial by jury on all issues, claims and defenses in this action.

## IV. PRAYER

59. WHEREFORE, Plaintiff Fisseha Gezu, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, be awarded:

i. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

ii. Actual damages; and punitive damages;

iii. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees, and costs of suit;

iv. Prejudgment and post-judgment interest as allowed by law; and

v. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Fisseha Gezu*
6-8-20
Fisseha Gezu
5805 Sandhurst Ln Unit A
Dallas, TX 75206
214-552-8143
Fisseha.gezu@att.net

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fisseha Gezu

**DEFENDANTS**
Charter Communications

**(b)** County of Residence of First Listed Plaintiff   Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED
JUN - 8 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. §2000e-2(a) and 42 U.S.C. § 1981.
Brief description of cause:
an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discrimi

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____