IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FISSEHA GEZU, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-01476-G-BT |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
|    Defendant. | § | |

## **MEMORANDUM ORDER**

Before the Court in this *pro se* employment discrimination suit is Plaintiff Fisseha Gezu's Motion for Rule 11 Sanctions against Counsel for Defendant (ECF No. 16) and Second Motion for Sanctions (ECF No. 23). For the reasons stated, the Motions are DENIED.

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or an attorney who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation. Fed. R. Civ. P. 11(b), (c). "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts," *Cooter & Gell v. Hartmax Corp.*, 469 U.S. 384, 393 (1990), and to "spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011). "However, [Rule 11] sanctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation or brought for an

1

improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted, emphasis in the original).

Moreover, under Rule 11's safe-harbor provision, the party seeking sanctions must first serve the persons being accused of sanctionable conduct with the motion, and, if after 21 days have passed the accused person has not withdrawn or corrected the offending document, the motion may be filed with the court. Fed. R. Civ. P. 11(c)(2). In other words, Rule 11 requires the movant to first serve a copy of the actual Rule 11 motion for sanctions on the persons accused of sanctionable conduct at least 21 days prior to the filing of that motion. *Castro & Co., L.L.C. v. Diamond Offshore Servs., Ltd.*, 2018 WL 6069973, at *9 (N.D. Tex. Oct. 29, 2018), *rec. adopted*, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018).

As a threshold matter here, Plaintiff's motion for Rule 11 sanctions is improper because he has not complied with Rule 11's safe-harbor and given Counsel for Defendant the required 21-day opportunity to withdraw or correct the allegedly sanctionable documents. The certificates of service indicates that Plaintiff filed his first motion on August 31, 2020 and his second motion on October 26, 2020 and expected Defense Counsel to receive notice from the Clerk of Court. Mot. 5 (ECF No. 23). The Motions were entered in the Court's electronic filing system and were thus before the Court before Defense Counsel received notice. Even if the Court considers Plaintiff's conferral with Defense Counsel regarding the Second Motion, this was allegedly completed on October 20, 2020—less than a week before Plaintiff filed his motion. Certificate Conference (ECF No. 24). The Motion must fail for that reason.

2

*See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (finding sanctions under Rule 11 inappropriate because the party seeking sanctions did not comply with the procedural "safe harbor" prerequisite of serving the motion before filing it); *see also Tompkins v. Cyr*, 995 F. Supp. 689, 693 (N.D. Tex. January 7, 1998) (refusing to impose Rule 11 sanctions because the parties seeking sanctions did not comply with the "safe harbor" requirement; rather the certificates of service showed that the motions were served on opposing counsel either the day they were filed or shortly before), *aff'd in part and rev'd in part on other grounds*, 202 F.3d 770 (5th Cir. 2000).

Moreover, Rule 11 sanctions are not warranted based on the record in this case. Plaintiff complains generally in his first motion for sanctions that Defense Counsel made false arguments in pursuit of its Motion to Compel Arbitration and Dismiss. Surreply 4 (ECF No. 16). But making arguments that Plaintiff disputes does not constitute sanctionable conduct. Accordingly, there is no merit to Plaintiff's general complaints in his first motion for sanctions.

Plaintiff also appears to assert that Defense Counsel should be sanctioned for filing Defendant's Motion to Strike Plaintiff's Response/Objection (ECF No. 18) because it makes a false and deceptive technical argument. Mot. 1 (ECF No. 23).[1] However, the Court found Defendant's arguments to have merit and granted the Motion to Strike, as part of its Findings, Conclusions, and Recommendation filed contemporaneously with this Order.

---

[1] Plaintiff also repeats general assertions that Defendant "resorted to false arguments, false technicality, and deception," but, as stated, the Court found no merit in these accusations and granted Defendant's Motion to Compel and Dismiss.

Plaintiff claims in his second Motion for sanctions that Defendant's Reply Brief (ECF No. 15) regarding its Motion to Compel Arbitration and Dismiss is, in actuality, a response to Plaintiff's Motion to Strike the affidavit of John Fries. (ECF No. 16). *Id*. Therefore, his second Response filed on August 31, 2020, is not a surreply but a reply to Defendant's response. Plaintiff's surreply, however, does not mention the Fries Affidavit once; rather, Plaintiff rehashes similar arguments from his first Response against claims found in Defendant's Reply (ECF No. 15). It simply cannot be said that Plaintiff's surreply is a Reply regarding the Motion to Strike. It was for this reason that the Court granted Defendant's Motion to Strike. Accordingly, Rule 11 Sanctions are not warranted on the merits regarding Defendant's Motion to Strike.

For the foregoing reasons, Plaintiff's Motions for Rule 11 Sanctions are DENIED.

**SO ORDERED.**

January 7, 2021

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE